Date signed September 29, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TONINO TEKI KAMBERI | : | Case No. 09-15988PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| AMERICAN EXPRESS | : | |
| CENTURION BANK | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-00484PM |
| | : | |
| TONINO TEKI KAMBERI | : | |
| | : | |
| | : | |
| Defendant. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This matter is before the court on Defendant's motion to vacate the court's order granting Plaintiff's motion for entry of judgment by default entered on September 16, 2009. Defendant's bankruptcy case was dismissed upon motion of the Chapter 7 Trustee on August 28, 2009, for Defendant's failure to attend the meeting of creditors. On September 4, 2009, Defendant filed a motion to vacate the dismissal order, and an order vacating the dismissal order was entered that same day. Defendant now asserts that he failed to timely respond to the Complaint filed in this adversary proceeding for those reasons set forth in the motion to vacate filed in the main bankruptcy case, namely that, together with his two children, he was visiting his brother in Italy and presumably unconcerned with the prosecution of his bankruptcy case and the attendant adversary proceeding . For the reasons set forth herein, the Motion will be denied.

Under Federal Rule of Civil Proceeding 60(b), which rule is made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9024, a movant seeking relief from a judgment must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (CA4 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (CA4 1984)).  Upon making this threshold showing, the movant must satisfy one of the rule's six enumerated sections.  *See Dowell*, 993 F.2d at 48.

Defendant acted to vacate the entry of judgment by default in a timely manner. Defendant and counsel share responsibility for the failure to file an answer, but Defendant has not made a threshold showing of a meritorious defense.  What is "necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit ... the [c]ourt ... to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (CA4 1982) (*citing Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (CA4 1974)).  Defendant has not made any such presentation or proffer and therefore has not met the requirements of under Rule 60(b).

Plaintiff shall submit an appropriate order.

### End of Memorandum

cc:     Tonino T. Kamberi
        10813 Rock Run Drive
        Potomac, MD 20854

        Jonathan P. Morgan, Esq.
        Morgan Rose, LLC
        414 Hungerford Drive, Suite 252
        Rockville, MD 20850

        Jeffrey L. Friedman, Esq.
        Friedman & Associates, LLC
        100 Owings Court, Suite 4
        Reisterstown, MD 21136

        Merrill Cohen, Trustee
        Cohen, Baldinger & Greenfeld, LLC
        7910 Woodmont Avenue, Suite 1103
        Bethesda, MD 20814